```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
                                                          ELECTRONICALLY FILED
------------------------------------------------------ X  DOC #:_____
                                                    :     DATE FILED: 10/22/2019
    UNITED STATES OF AMERICA,                       :
                                                    :
                                                    :     17 Cr. 610-1 (LGS)
                       -against-                    :     17 Cr. 610-16 (LGS)
                                                    :
    GARY DAVIS, et al.,                             :     OPINION AND ORDER
                                   Defendants.      :
------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Defendants Gary Davis ("Gary") and Kareem Davis ("Kareem") are charged in a three-count superseding indictment (the "Indictment") and are scheduled for a joint trial beginning on December 2, 2019. Defendants bring several pretrial motions. Kareem moves to sever his trial from Gary's and for early production of 18 U.S.C. § 3500 or Jencks Act material. Gary moves for disclosure of Federal Rule of Evidence 404(b) evidence, evidence subject to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *Kyles v. Whitley*, 514 U.S. 419 (1995), and co-conspirator statements that the Government will rely on at trial. Gary also joins in the pretrial motions of Kareem.[1] For the below reasons, the motions are DENIED.

I.  BACKGROUND

The Indictment charges as follows:

---

[1] Gary also moves to reserve his right to bring further motions "warranted by the resolution of the aforesaid motions or by discovery made, or information provided in a Bill of Particulars or as a result of litigation concerning any pretrial motions." To the extent Gary wishes to file motions not contemplated in the scheduling order at Docket Number 410, he may file a letter request.

Count One charges both Defendants with a racketeering conspiracy, based on their association with "Killbrook," a criminal organization that commits narcotics trafficking, robbery and violence, around the Mill Brook Houses in the Bronx, New York.

Count Two charges Defendants with murder in aid of racketeering for the killing of Bolivia Beck in the vicinity of the Mill Brook Houses.

Count Three charges Defendants with use of a firearm in the murder of Bolivia Beck.

## II. DISCUSSION

### A. Kareem Davis

#### 1. Motion to Sever

The motion to sever is denied. Federal Rule of Criminal Procedure 8(b) allows the joint trial of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). There is "a preference in the federal system for joint trials of defendants who are indicted together," because such trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. O'Connor*, 650 F.3d 839, 858 (2d Cir. 2011) (internal quotation marks and citations omitted). "The clear preference for joint trials, however, 'is particularly strong where, as here, the defendants are alleged to have participated in a common plan or scheme.'" *United States v. Fazio*, 770 F.3d 160, 166 (2d Cir. 2014) (quoting *United States v. Salameh,* 152 F.3d 88, 115 (2d Cir.1998)).

Rule 14(a) provides, however, that "[i]f the joinder of offenses or defendants in . . . a consolidation for trial appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Severance should be granted under Rule 14 "*only* if there is a serious risk that a
2

joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Cacace*, 796 F.3d 176, 192 (2d Cir. 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *accord United States v. Sezanayev*, No. 17 Cr. 262, 2018 WL 2324077, at *2 (S.D.N.Y. May 22, 2018) ("Circumstances that may warrant severance include allowing the jury to consider evidence that otherwise would not be admissible if the defendant were tried alone, or conversely, barring essential exculpatory evidence that would be admitted if the defendant were tried alone."). But "[d]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials. Even joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (internal quotation marks and citations omitted). "'[L]ess drastic measures than severance, such as limiting instructions, often will suffice' to cure any risk of prejudice and permit joinder." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (quoting *Zafiro*, 506 U.S. at 539).

Kareem has not shown the necessary prejudice to warrant severance. Joinder is presumptively proper under Rule 8(b) because the trial concerns a racketeering conspiracy in which both Defendants allegedly were involved, in particular, a murder they both committed in connection with the racketeering. *See Fazio*, 770 F.3d at 166. According to the Government, the central evidence at trial is relevant to both Defendants -- evidence of the conspiracy, the gang dispute that precipitated the murder and ballistics and forensics evidence.

Kareem argues that trying him alongside Gary will prejudice him because the Government's July 15, 2019, letter shows that the volume of evidence that the Government intends to present at trial against Gary is more substantial than against Kareem. Specifically, the

letter lists seven criminal incidents pertaining to Gary and only two pertaining to Kareem. While Gary allegedly committed or attempted several robberies and directed or committed shootings and stabbings in connection with the criminal enterprise, the Government cites one armed robbery against Kareem, which he allegedly committed with Gary. But "[d]iffering levels of culpability" between jointly tried defendants are not sufficient for severance, particularly not here where the incidents described in the Government's letter are secondary to the primary incident to be tried, the shooting of Bolivia Beck. *Spinelli*, 352 F.3d at 55. The Court must "apply a commonsense rule to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice." *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (internal quotation marks omitted); *accord United States v. Rutigliano*, 614 F. App'x 542, 547 (2d Cir. 2015) (summary order). Any prejudice from the presentation of these incidents pertaining only to Kareem may be limited by jury instructions that direct the jury to consider each defendant's culpability separately.

### 2. Motion for Early Disclosure of 3500 Material

The motion for early disclosure of 3500 material is denied as moot. The Jencks Act, 18 U.S.C. § 3500(b), requires the Government to produce the written, transcribed and recorded statements of its witnesses, pertaining to their trial testimony, after the witness "has testified on direct examination" and upon request of a defendant. Kareem moves for early disclosure of this material 30 days before trial due to the complexity of issues. The parties, however, have already agreed that the Government will produce the 3500 material for cooperating and law enforcement witnesses, which the Government states is the "vast majority" of all 3500 material, four weeks before trial or by November 4, 2019. For the remaining Government witnesses, the Government

4

has stated it will produce 3500 material "well in advance" according to a schedule agreed on with Defendants' counsel. The Government and Defendants shall agree on a schedule for this production by one week after this Order, and the schedule may be amended only upon mutual agreement of all parties. The Government shall ensure that the November 4, 2019, production is the "vast majority" -- based on a sensible metric, preferably page count -- of the 3500 material. If these efforts are unsuccessful, Defendants may seek appropriate relief. Given the Government's representations that it will provide most 3500 material around one month before trial and the remainder "well in advance" per a schedule that Defendants deem acceptable, this motion is denied as moot.

### B. Gary Davis

#### 1. Disclosure of Rule 404(b) Evidence

Gary moves for disclosure, under Federal Rule of Evidence 404(b), of evidence of other crimes, wrongs or acts that the Government will introduce at least 60 days before trial. This motion is denied, but the Government must comply with its representation that it will "mov[e] *in limine* to admit any Rule 404(b) evidence," by the November 7, 2019, deadline for motions in limine, at Docket Number 410. Rule 404(b)(2) provides that, "[o]n request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial -- or during trial if the court, for good cause, excuses lack of pretrial notice." "Courts in this Circuit have held that two or three weeks['] notice is reasonable." *United States v. Vaid*, No. 16 Cr. 763, 2017 WL 3891695, at *13 (S.D.N.Y. Sept. 5, 2017); *see United States v. Rahim*, 339 F. App'x 19, 23 (2d Cir. 2009) (summary order) (finding one week before trial is reasonable notice); *United States v. Rivera*, No. 16 Cr. 175, 2017 WL 1843302, at *1 (S.D.N.Y. May 8, 2017)

(granting three weeks' notice); *see also United States v. McDow*, 206 F. Supp. 3d 829, 857 (S.D.N.Y. 2016) (Rule 404(b) "establishes no minimum time . . . because the evidence the government wishes to offer may well change as the proof and possible defenses crystallize.") (internal quotation marks and citations omitted).  Disclosure of Rule 404(b) evidence here over three weeks before trial is sufficient.

### 2. Disclosure of *Brady*, *Giglio*, and *Kyles* Material

The motion for disclosure of *Brady*, *Giglio* and *Kyles* material is denied, because the Government has represented that it will produce this information promptly.  "The basic rule of *Brady* is that the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment."  *United States v. Frank Coppa*, 267 F.3d 132, 139 (2001) (citing *Brady*, 373 U.S. at 87, 83); *accord United States v. Djibo*, 730 F. App'x 52, 56 (2d Cir. 2018) (summary order).  Under *Giglio*, the Government's obligation to disclose "[f]avorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." *Coppa*, 267 F.3d at 139 (citing *Giglio*, 405 U.S. at 154).  Under *Kyles*, a "prosecutor has a duty to learn of any of any favorable evidence [to a defendant] known to others acting on the government's behalf in the case, including the police," and to accordingly disclose it.  *Kyles*, 514 U.S. at 437.  "*Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."  *Coppa*, 267 F.3d at 146.  Rather, "*Brady* material must be disclosed in time for its effective use at trial . . . .  There is no *Brady* violation unless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial."  *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008) (quoting *Coppa*, 267 F.3d at 135, 144); *accord Djibo*, 730 F. App'x at 56.

The Government states that, "[w]hile the Government is not aware of any *Brady* or *Kyles* material, should the Government become aware of any, it will produce it promptly." The Government also states, regarding the *Giglio* material, that it will "provide the defense with *Giglio* material prior to trial" "[i]n accordance with common practice in this District," and cited to the Government's practice of "mak[ing] impeachment information available to the defense at the same time as Jencks Act material." As the Government has stated that it will produce the "vast majority" of 3500 or Jencks Act material four weeks before trial, it may produce *Giglio* material at that time as well. These representations regarding the Government's *Brady*, *Kyles* and *Giglio* disclosures are sufficient. *See United States v. Mangano*, No. 16 Cr. 540, 2018 WL 851860, at *17 (E.D.N.Y. Feb. 9, 2018) ("Courts in the Second Circuit generally do not compel immediate disclosure of *Brady/Giglio* materials where (1) the Government represents it is aware of and will comply with its *Brady/Giglio* obligations, and (2) the Defense does not provide any reason for suspecting the Government will not comply."); *United States v. Gomez*, No. 17 Cr. 602, 2018 WL 501607, at *4 (S.D.N.Y. Jan. 19, 2018) ("Here, the Government represents that it is aware of those obligations and intends to comply with them by disclosing any impeachment material and Jencks Act materials . . . in accordance with the standard practices in this District. . . . Those representations are sufficient at this juncture.") (internal citations omitted); *United States v. Klein*, No. 16 Cr. 442, 2017 WL 1316999, at *16 (E.D.N.Y. Feb. 10, 2017) (internal quotation marks omitted) ("Where, as here, the government has made good faith representations to the court and to the defense counsel that it recognizes its disclosure obligations under *Brady*, and that it has complied with said obligations and will continue to do so in a timely manner, courts in the Second Circuit repeatedly have denied pre-trial requests for discovery orders."). Gary has not justified diverging from the Government's customary practices of (1)

7

prompt disclosure of *Brady* and *Kyles* material if it becomes aware of any and (2) disclosure of *Giglio* material in advance of trial, including a production at the same time as the 3500 disclosure.

### 3. Disclosure of Co-Conspirator Statements

Gary's motion for advance disclosure of co-conspirator statements that the Government will introduce at trial under Federal Rule of Evidence 801(d)(2)(E) is denied. The Government has already agreed to provide the statements of testifying cooperators -- of which testifying *co-conspirators* are a subset -- as part of its 3500 disclosures, four weeks before trial. The Government also states that by the November 7, 2019, deadline, it will "move *in limine* for the admission of certain categories of statements," which may include co-conspirator statements, whether testifying or non-testifying. The only remaining co-conspirator statements subject to the motion are therefore a subset of *non-testifying* co-conspirator statements. Gary argues the Government should produce these statements in advance of trial because they bear on severance, enable him to prepare for trial and promote judicial economy. As discussed, severance is denied. Gary's general arguments based on efficiency, which he does not support with any authority, do not warrant deviation from the pretrial disclosure schedule to which the parties have already agreed, or from the usual procedures for admitting, objecting to and examining witnesses regarding co-conspirator statements during trial.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions are DENIED as follows:

1. The joint motion to sever is DENIED.

2. The joint motion for early disclosure of 3500 material is DENIED as moot, in light of the Government's agreement to disclose (1) the "vast majority" of 3500 material, pertaining to cooperators and law enforcement, by November 4, 2019, and (2) the remaining 3500 material "well in advance" of the default requirement.

For the latter disclosures, the parties shall agree on a disclosure schedule by one week after this Order.

3. Gary's motion for disclosure of Rule 404(b) material 60 days before trial is DENIED in light of the Government's representation that it will "mov[e] *in limine* to admit any Rule 404(b) evidence," by the November 7, 2019, deadline.

4. Gary's motion for disclosure of *Brady*, *Kyles* and *Giglio* material is DENIED in light of the Government's representation that it will timely produce any *Brady* and *Kyles* material, and *Giglio* material by November 4, 2019.

5. Gary's motion for early disclosure of co-conspirator statements that the Government may introduce at trial is DENIED.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 460 & 463.

Dated: October 22, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE