UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,
                               Plaintiff,

                             17 Cr. 610-16 (LGS)
            -against-

                             ORDER
    KAREEM DAVIS,
                            Defendant,
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by Order dated March 12, 2020, Defendant Kareem Davis' motion for a judgment of acquittal or, in the alternative, a new trial, was denied;

      WHEREAS, by Order dated March 20, 2020, Defendant Kareem Davis' sentencing hearing was scheduled for June 2, 2020, and Defendant's sentencing submission was due May 4, 2020.  Defendant's sentencing submission has not been received;

      WHEREAS, Defendant Kareem Davis mailed a letter *ex parte* dated April 15, 2020, attached hereto, stating that his attorney failed to make certain arguments in his defense.  It is hereby

      **ORDERED** that the Government shall respond on the merits to Defendant's letter by **May 27, 2020**.  It is further

      **ORDERED** that the Defendant, defense counsel Bruce D. Koffsky and Donald Joseph Yannella, III, and the Government shall convene for a telephonic conference on **June 3, 2020**, **at 9:00 a.m.** to discuss the issues presented in Defendant's letter.  The conference may be rescheduled to take place at 10:30 a.m., pending scheduling arrangements with the Clerk of Court and the Metropolitan Correction Center.  The participants shall call 888-363-4749, access code

558-3333.  It is further

**ORDERED** that the sentencing hearing scheduled for June 2, 2020, and sentencing submission deadlines, are adjourned *sine die*.

Dated: May 14, 2020
       New York, New York

                                      **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**

Case 1:17-cr-00610-LGS Document 576 Filed 05/14/20 Page 3 of 10

Page 870 | Jcgddav4
Summation
Page 872

Now let's start with the evidence that proves the
How do you know the defendant

Page 1 of 7

Dated: 4-15-2020

From: Defendant, Kareem Davis

To: The Honorable Judge Lorna G. Schofield

Your Honor, My current attorney, Mr. Donald J. Yannella III, has failed and refuses to make the following arguments on my behalf, in my defense.

1) My convictions on the Killbrook enterprise Counts for violating §§ 924(c) and 1959(a) (counts two and three) should be reversed because the evidence is insufficient to support a finding that I, Kareem Davis, Murdered Bolivia Beck for the purpose of Maintaining or increasing a position in the Killbrook enterprise.

At trial, The Government presented and explained that the intended Killbrook enterprise target was a Joey Colon, who was a rival gang member and, that I intended and attempted to murder Joey Colon in furtherance of my association with the Killbrook enterprise. See Trial

Page 2 of 7

Transcript at page 906 Lines 20-22 (December 16, 2019). However, Joey Colon was never murdered and therefore cannot support my conviction for 18 U.S.C. § 1959(a).

Instead, to support my conviction under 18 U.S.C. § 1959(a), the Government presented at trial the killing of Bolivia Beck. However, Bolivia Beck was not a Killbrook enterprise target, was not a rival gang member, but instead, was an innocent by-stander who was killed unintentionally. See Trial Transcript at page 871 Lines 23-25 (December 16, 2019). Furthermore, in wrongfully stating to the jury at trial that "it didn't matter", the Government even stated and expressed to the jury that there was no intent in me to kill Bolivia Beck. See Trial Transcript at page 905 Lines 23-24 (December 16, 2019). Therefore, the killing of Bolivia Beck could not have been committed for the purpose of maintaining or increasing my, Kareem Davis's position in the Killbrook enterprise. See United States v. Polanco, 145 F.3d 540 (quoting United States v. Concepcion, 983 F.2d at 381 (2d Cir. 1992)).

Thus, my conviction on count two should be reversed, as well as my derivative

Conviction Under 18 U.S.C. § 924(c) (count three) for using a firearm to Murder Bolivia Beck. See United States v. Polanco, 145 F.3d at 540 (2d Cir. 1998).

2.) My Conviction for (Count One) violating § 1962(c) Racketeering Conspiracy should be reversed because the evidence was insufficient to prove the requisite essential elements of (A.) that I participated in the Killbrook enterprise conspiracy through a pattern of two or more specified racketeering activities and, (B.) that those acts were of affecting interstate or foreign commerce, beyond a reasonable doubt.

(A.) The requisite pattern of racketeering activity may be established by demonstrating predicate acts that are related and pose a threat of continued criminal activity. Predicate acts must be related to each other, and they must be related to the enterprise. A predicate act is "related" to an enterprise "if it is related to the activies of that enterprise." A predicate act is related to a different

predicate act. If each predicate act is related to the enterprise. However, to establish this element, the Government, mainly and wrongfully, relied upon the act of killing Bolivia Beck. The act of killing Bolivia Beck was not related to any other act presented at trial by the Government, nor was it related to the Killbrook enterprise. Bolivia Beck was not a rival gang member and was not an intended target of the Killbrook enterprise. See Trial Transcript at page 905 Lines 23-24. But instead, was an innocent bystander who was killed unintentionally. See Trial Transcript at page 885 Lines 4-5 and Lines 22-24. Thus, the act of killing Bolivia Beck was insufficient to demonstrate a predicate act that was related to the other predicate act presented at trial by the Government, or related to the Killbrook enterprise. Therefore the Government failed to establish the essential element that I participated in the Killbrook enterprise conspiracy through a pattern of two or more specified racketeering activities.

(B.) To establish the element of affecting interstate or foreign commerce, the Government

relied upon the testimony of Special Agent Matthew Fleming, who told the jury that the firearms used in connection with the murder of Bolivia Beck were manufactured outside the State of New York. See Trial Transcript at page 904 Lines 21-25 (December 16, 2019). However, the .22 caliber firearm that I was alleged to have possessed and used to committ Bolivia Becks murder was never recovered, thus leaving the "Make" and "Model" of that firearm unknown to Agent Matthew Fleming. Therefore, his testimony in that respect is clearly unsupported by any facts and inaccurately unreliable because without the knowing of the "Model" or "Make" of that firearm, it is simply impossible for Agent Matthew Fleming to possess any knowledge of where or exactly what state the .22 caliber firearm, I was alleged to have possessed and used, was manufactured, and that it "factualy was not" manufactured in the State of New York. This establishes that Agent Matthew Fleming's testimony is based off of the inference that because handguns are not presently manufactured

in New York state, any firearm now possessed or used in New York must have been manufactured outside New York. However, firearms "were" at one time manufactured in New York state, therefore that "inference" is a non sequitur. According to this Second Circuit's holding in United States v. Jones, 16 F.3d 487 (2nd Cir. 1994), Agent Matthew Fleming's wrongful "inference" and testimony is unreliable and insufficient to establish the essential interstate commerce element required for Count One. See United States v. Jones, 16 F.3d at 491 (2nd Cir. 1994).

    Additionally, in the event that this Court finds the evidence insufficient to support Counts two and three, Agent Matthew Fleming's testimony as to interstate commerce of the firearms in connection with those acts of Count two and three should not be admissable or allowed to support and establish interstate commerce for Count One.

## Conclusion

> 3  was the shooter, wearing the dark-colored hoodie that day?
> 4  Because Gary Davis told you, because Joey Colon told you.
> 5  Because Jose Rodriguez told you. And if you believe any one of

Page 7 of 7

Therefore, for the aforementioned reasons, I respectfully request new counsel that will effectively assist me in my defense in this case and make these arguments in my behalf before this Court and the Court of Appeals if necessary.

Respectfully Submitted,
Mr. Kareem Davis
*Kareem Davis*
Dated: 4-15-2020

Ka[...]
M.C.C.
50 Park Row
New York, N.Y. 10007

Q7-054

Legal Mail
Dated: 4-27-2020

USM40LD
SDNY

The Honorable District Judge
Judge Lorna G. Schofield
United States District Court
Southern District of New York

40 Foley Square
New York, N.Y. 10007